# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| Plaintiff, | ) ) ) | 2:14-cr-00213 |
| v. | ) ) | Chief Judge Mark R. Hornak |
| AARON REED, | ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

**Mark R. Hornak, Chief United States District Judge**

The Defendant, Aaron Reed, entered a guilty plea to a lesser-included offense on April 18, 2016, and was subsequently sentenced on October 26, 2016 to ninety-six (96) months of imprisonment followed by four (4) years of supervised release. (ECF Nos. 644, 780.) Mr. Reed entered his guilty plea pursuant to a written plea agreement, which contained a waiver of appellate rights, and the term of ninety-six (96) months was well-below the guideline range of his presentence investigation report.[1] (ECF No. 1006-1.) Eighteen (18) months of the term of imprisonment were to run concurrently with an eighteen (18) month sentence from the Pennsylvania Board of Probation and Parole for Mr. Reed's state parole violation which resulted from this case. (ECF Nos. 780, 769-1.)

On August 20, 2019, nearly three years after sentencing, the Court received a letter from Mr. Reed, in which he avers that Pennsylvania is not honoring the Court's intention that eighteen (18) months of his imprisonment run consecutive to his state parole sentence. (ECF No. 1004.) Therefore, Mr. Reed petitions the Court to "restructure" his sentence by reducing it by eighteen

---

[1] The guideline imprisonment range was 188 months to 235 months. (ECF No. 706, at 18.)

1

(18) months. (*Id.*) In this way, he says, the term of imprisonment would conform to the Court's sentence, which contemplated that Mr. Reed would serve ninety-six (96) months cumulatively. On August 30, 2019, the Government filed a response to Mr. Reed's letter, opposing any modification of the sentence, at which point this matter became ripe for disposition. (ECF No. 1006.)

This Court, as is true of every federal court, is a court of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). It only has the powers authorized by the Constitution and laws passed by Congress, and it may not expand those powers otherwise. *Id.* Consequently, when the Court receives a petition for judicial relief, like Mr. Reed's letter, it must have some source of authority and jurisdiction to grant it. In other words, the first question is not whether the Court wants to grant Mr. Reed's petition or not. The question is, "can it?" Recognizing that Mr. Reed is in a difficult situation, the Court still must deny his request to amend his sentence for the following reasons.

There are five (5) sources of authority that *might* permit a court to grant a motion to amend a sentence—Federal Rules of Criminal Procedure 35 and 36, 18 U.S.C. § 3742, 28 U.S.C. §§ 2241, 2255. The Court concludes none of them permit it to grant Mr. Reed's request.

**I.  18 U.S.C. § 3742**

Under 18 U.S.C. § 3742, a defendant may file in the district court a notice of appeal for review of an otherwise final sentence. 18 U.SC. § 3742(a). Any such appeal notice must be filed within fourteen (14) days of the entry of the judgment. Fed. R. App. P. 4(b)(1)(A). In this case, no such notice was filed with the Court within that span of time and therefore Mr. Reed's letter, to the extent it may be construed as a notice of appeal, is untimely. And, in any case, this Court would not have jurisdiction to hear an appeal of its own sentence. *United States v. Erwin*, 765 F.3d 219, 225 (3d Cir. 2014). That jurisdiction lies with the Third Circuit. *Id.* ("The District Court had

jurisdiction over the prosecution of this criminal action pursuant to 18 U.S.C. § 3231. We have jurisdiction over Erwin's appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)."). Without jurisdiction to address an appellate argument, the Court declines to rule on the effect of Mr. Reed's appeal waiver in his plea agreement or the merits of any potential § 3742(a) argument. (*See* ECF No. 1006, at 3–4.)

## II. Rules 35 and 36

Under Federal Rule of Criminal Procedure 35, a court may correct or reduce a sentence that resulted from arithmetical, technical, or other clear error. Fed. R. Crim. P. 35(a). However, any Rule 35 motion must be made within fourteen (14) days of sentencing. *Id.* The Court received Mr. Reed's letter nearly three (3) years after sentencing, and it is therefore untimely. Rule 35's time limitation is jurisdictional. *United States v. Miller*, 594 F.3d 172, 182 (3d Cir. 2010). Therefore, the Court is without discretion to accept an untimely motion for good cause, or for any other reason. Consequently, Rule 35 does not allow this Court to amend Mr. Reed's sentence.

Under Rule 36, a court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission. Fed. R. Crim. P. 36. The Court may do so on its own upon giving "any notice it considers appropriate." *Id.* A clerical error under Rule 36 "involves a failure to accurately record a statement or action by the court or one of the parties" and any error arising from an oversight or omission is corrected "to conform to the intention of the court or parties at the time the error was made, which may not be reflected in their recorded statements." *United States v. Bennett*, 423 F.3d 271, 277 n.4, 277–78 (3d Cir. 2005).

In this case, there is no clerical error or error arising from an oversight or omission, as defined in *Bennett*. 423 F.3d at 277–78. Upon a review of the transcript of sentencing proceedings,

3

the Court finds that its judgment accurately reflects the Court's and the parties' statements and intentions at that time. (ECF No. 821, at 25.) Therefore, the Court cannot amend Mr. Reed's sentence under Rule 36.

### III. 28 U.S.C. § 2241

Mr. Reed may file a habeas motion pursuant to 28 U.S.C. § 2241 to challenge the execution of his sentence. A § 2241 motion must be filed in the defendant's District of confinement. *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 178 (3d Cir. 2017). Mr. Reed is currently confined in Fort Dix Correctional Institute in the District of New Jersey. Therefore, the Court lacks jurisdiction to consider a § 2241 claim.

### IV. 28 U.S.C. § 2255

A defendant may seek collateral relief from a federal sentence through 28 U.S.C. § 2255. The statute permits a prisoner to challenge a sentence on the ground that it was imposed in violation of the Constitution or laws of the United States, that the sentencing court did not have jurisdiction, that the sentence was in excess of the maximum allowed by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). However, § 2255 does not permit a prisoner to assert every conceivable error of law. *Davis v. United States*, 471 U.S. 333, 346 (1974). The appropriate inquiry is whether the claimed error of law was a fundamental defect that inherently results in a complete miscarriage of justice. *Id.* However, Mr. Reed's letter does not demonstrate to the Court that he is challenging his sentence as illegal or working a miscarriage of justice. His challenge appears to be to the way in which the Pennsylvania authorities are treating the express language of the Court's judgment. In light of the language in Mr. Reed's letter, and cognizant of the consequences of construing a *pro se* motion as such, the Court concludes that the letter is not a § 2255 motion. *See United States v. Miller*, 197 F.2d 644, 646 (3d Cir. 1999).

## V. Conclusion

The Court concludes that it lacks jurisdiction to grant relief under 28 U.S.C. § 2241 and Rule 35, and that Rule 36 is inapplicable. The Court also declines to characterize Mr. Reed's letter as a § 2255 motion. For the foregoing reasons, Mr. Reed's letter, to the extent it may be construed as a motion, is denied.

An appropriate Order will issue.

Mark R. Hornak
Chief United States District Judge

Dated: October 15, 2019

cc: All counsel of record